UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARIA RITORNATO, VINCENT FERRARA, MICHAEL SCARLATA, SEAN ARNI and ALDAINE HEAVEN,<br><br>                             Plaintiffs,<br><br>      - against -<br><br>NEW YORK STATE DIVISION OF MILITARY AND NAVAL AFFAIRS, MAJOR GENERAL ANTHONY P. GERMAN AS ADJUTANT GENERAL, and JEFFREY CASTON,<br><br>                             Defendants. | 14 Civ. 7854 (CS) (LMS)<br><br><br><br>SETTLEMENT AGREEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL WITH PREJUDICE |

This SETTLEMENT AGREEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL WITH PREJUDICE ("Settlement Agreement") is made by and between Plaintiffs Daria Ritornato, Vincent Ferrara, Michael Scarlata, Sean Arni and Aldaine Heaven (together, "Plaintiffs"), on the one hand, and Defendants New York State Division of Military and Naval Affairs ("DMNA") and Jeffrey Caston (together, "Defendants"), on the other hand, as of July 31, 2020:

WHEREAS, Plaintiff Ritornato cross-filed on or about November 20, 2013 with the New York State Division of Human Rights ("DHR") and the United States Equal Employment Opportunity Commission ("EEOC") a complaint against DMNA charging retaliation, numbered Case No. 10165722 (the "Ritornato DHR Charge");

WHEREAS, Plaintiff Ferrara cross-filed on or about November 20, 2013 with the DHR and the EEOC a complaint against DMNA charging retaliation, numbered Case No. 10165729 (the "Ferrara DHR Charge");

WHEREAS, Plaintiff Scarlata cross-filed on or about September 15, 2014 with the DHR and the EEOC a complaint against DMNA charging retaliation, numbered Case No. 10171126 (the "Scarlata DHR Charge");

WHEREAS, Plaintiff Arni cross-filed on or about October 31, 2014 with the DHR and the EEOC a complaint against the DMNA charging retaliation, numbered Case No. 10171960 (the "Arni DHR Charge");

WHEREAS, Plaintiff Heaven cross-filed on or about April 24, 2015 with the DHR and the EEOC a complaint against DMNA charging retaliation, numbered Case No. 10174790 (the "Heaven DHR Charge")

WHEREAS, the Ritornato DHR Charge, the Ferrara DHR Charge, the Scarlata DHR Charge, the Arni DHR Charge and the Heaven DHR Charge are collectively referred to as the "DHR Charges";

WHEREAS, Plaintiffs Ritornato and Ferrara commenced this action by filing a complaint on or about September 29, 2014 ("the Initial Complaint") in this Court, Case Number 14-CV-7854 against Defendants, the Civil Service Employees Association Inc. – Local 1000 AFSCME and Nancy Wood, in the above-captioned action ("the Action"), alleging claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*; the New York State Human Rights Law, New York Executive Law § 296, et seq.; and common law; and

WHEREAS, on or about June 3, 2015, an Amended Complaint was filed in this Action by Plaintiffs Ritornato, Ferrara and Scarlata solely against DMNA; on or about August 7, 2015, a Second Amended Complaint was filed in this Action by Plaintiffs Ritornato, Ferrara, Scarlata, Arni and Heaven against DMNA and Caston; on or about January 4, 2016, a proposed Third Amended Complaint was filed in this Action by Plaintiffs Ritornato, Ferrara, Scarlata, Arni and Heaven against DMNA, Caston and Major General Patrick A. Murphy as Adjutant General of the State of New York; and on or about January 26, 2017, a Fourth Amended Complaint was filed in this Action by Plaintiffs Ferrara and Heaven against DMNA, Caston and Major General Anthony P. German as

Adjutant General of the State of New York (the Initial Complaint and Amended Complaints are collectively referred to as "the Complaint"); and

WHEREAS, the Court dismissed Major General Anthony P. German as a defendant in this action by order dated May 23, 2019 (docket number 182); and

WHEREAS, the Court dismissed all claims against DMNA as a defendant in this action by orders dated July 11, 2016, March 26, 2019 and November 25, 2019 (docket numbers 71, 186, 192); and

WHEREAS, Defendants expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

WHEREAS, Plaintiffs and Defendants desire to fully resolve the claims between them and any and all other disputes, whether known or unknown, without further litigation or proceedings and without admission of fault or liability;

NOW THEREFORE, in consideration of the mutual promises, covenants, representations and other consideration contained in this Settlement Agreement, Plaintiffs and Defendants hereby stipulate and agree as follows:

1.   **Dismissal of the Action with Prejudice.**

The Action, and all claims that were or could have been asserted therein, are dismissed with prejudice against Defendants pursuant to Fed. R. Civ. P. 41(a) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts set forth in Paragraph 2.  Plaintiffs' counsel shall execute a Stipulation, in the form annexed hereto as **Exhibit A**, withdrawing the appeal of this Action with prejudice without costs and without attorneys' fees pursuant to Fed. R. App. P. 42(b), and shall file it with the Second Circuit Court of Appeals within five calendar days after this Settlement Agreement is "So Ordered" by the Court.  Plaintiffs shall not appeal any orders or rulings in this Action, including, but not limited to, the orders dated May 23, 2019 (docket

number 182), July 11, 2016 (docket number 71), March 26, 2019 (docket number 186), and

November 25, 2019 (docket number 192).  DMNA shall not enter a Bill of Costs in this Action.

      2.      **Payments to Plaintiff Heaven.**

      In full consideration of Plaintiff Heaven's execution of this Settlement Agreement, his

agreement to be bound by its terms, and his undertakings as set forth herein including, but not

limited to, the dismissal of the Action with prejudice by Plaintiffs and the waiver of any appeals by

Plaintiffs, Plaintiff Heaven's waiver and release of claims as set forth in Paragraph 10 and other good

and valuable consideration, the sufficiency of which is hereby acknowledged by Plaintiffs, the State

of New York shall pay, subject to any reservation for payment as set forth in Paragraphs 5, 6, 7 and

8 of this Settlement Agreement, the gross amount of THIRTY THOUSAND DOLLARS

($30,000.00) in full and complete satisfaction of all claims, allegations or actions, direct or indirect,

known or unknown, that Plaintiffs had, have, or may have against the State of New York and

Defendants, together with all of DMNA's present and former agencies, principals, officers,

directors, members, trustees, shareholders, employees, agents, attorneys, insurers, subdivisions,

subsidiaries, heirs, administrators, and assigns, whether in their personal or official capacities, arising

out of conduct, acts, or omissions prior to, up to and including the date of this Settlement

Agreement, including but not limited to those asserted in the Action and/or the DHR Charges, as

well as in full and complete satisfaction of all claims for compensatory damages (including but not

limited to pain and suffering, mental and emotional anguish and trauma, damage to reputation,

punitive damages, and liquidated damages), lost wages, benefits, and economic damages (including

but not limited to back pay, front pay, severance pay, commissions, bonuses, reimbursements, and

pension plan contributions), and attorneys' fees, costs, disbursements, and expenses incurred by

Plaintiffs for any and all counsel who have assisted Plaintiffs or at any time represented Plaintiffs in

the Action, as well as in connection with any other representation, negotiation, proceeding,

administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action, as follows:

a.  The State of New York shall pay to Plaintiff Heaven the sum of TEN THOUSAND DOLLARS ($10,000.00), for which an I.R.S. Form 1099 shall be issued, in full and complete satisfaction of any and all claims for compensatory damages (including but not limited to pain and suffering, mental and emotional anguish and trauma, damage to reputation, economic damages, punitive damages, and liquidated damages) incurred by Plaintiff Heaven that were or could have been the subject of any claim in the Action or the Heaven DHR Charge, as well as in connection with any other representation, negotiation, proceeding, whether administrative, judicial, or otherwise, including but not limited to any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action or the Heaven DHR Charge.  The foregoing payment shall be made payable to "VanderWoude & Roma PLLC, for the benefit of Aldaine Heaven" and sent to Neil VanderWoude, Esq., VanderWoude & Roma, PLLC, 103 Old Route 52, Stormville, New York 12582.

b.  The State of New York shall pay to the VanderWoude & Roma, PLLC law firm, as attorneys for Plaintiffs, the sum of TWENTY THOUSAND DOLLARS ($20,000.00), for which an I.R.S. Form 1099 shall be issued, in full and complete satisfaction of any and all claims for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiffs for any and all counsel who have assisted Plaintiffs or at any time represented Plaintiffs in the Action, the DHR Charges, as well as in connection with any other proceeding, whether administrative, judicial, or otherwise, including but not limited to any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action or the DHR Charges.  The foregoing payment shall be made payable to "VanderWoude & Roma PLLC, as attorneys for Plaintiffs" and sent to Neil VanderWoude, Esq., VanderWoude & Roma, PLLC, 103 Old Route 52, Stormville, New York 12582.

3.      **State Approval of Payments.**

The payments referenced in Paragraph 2 of this Settlement Agreement are subject to and conditioned upon the  approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17.  Plaintiffs and their attorneys agree to promptly execute and deliver all necessary and appropriate vouchers and other requested documentation with respect to obtaining such approval and effectuating payment, including, but not limited to the Affidavit of Medicare Eligibility Status attached hereto as **Exhibit B** and any required attachments thereto.  In the event such approval is not obtained, this Settlement Agreement shall be null, void, and of no further force and effect.

4.      **Accrual of Interest.**

In the event that the payments referenced in Paragraph 2 of this Settlement Agreement have not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General of the State of New York ("OAG") of a "So Ordered" copy of this Settlement Agreement, entered on the docket of the Clerk of Court, together with all other requested documentation including, but not limited to, that required under Paragraphs 3 and 6 of this Settlement Agreement, and the executed Medicare Affidavit attached hereto as **Exhibit B**, interest on any part of the sum not paid pursuant to Paragraph 2 by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day after receipt of all required documentation.  In the event the Court does not "So Order" a copy of this Settlement Agreement, interest on any part of the sum referenced in Paragraph 2 of this Settlement Agreement not paid by the one hundred twentieth (120th) day will run from the time the OAG receives all other documents required under Paragraphs 3 and 6 of this Settlement Agreement. In the event that payment of the settlement amounts referenced in Paragraph 2 constitute "funds of a convicted person" within the meaning of N.Y. Exec. Law § 632-a, then the aforementioned one

hundred twenty (120) day period shall be extended by an additional thirty (30) days to allow for compliance with that law.

     5.      **Responsibility of Plaintiff Heaven and Plaintiffs' Attorneys for Taxes.**

It is understood and agreed that any taxes, or interest or penalties on taxes, on the payments or services referred to in Paragraph 2 of this Settlement Agreement shall be the sole and complete responsibility of Plaintiff Heaven (or Plaintiffs' attorneys respectively, for fees paid to said attorneys). Plaintiff Heaven and Plaintiffs' attorneys acknowledge and agree that neither Defendants, the State of New York, nor any of their present or former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, shall be responsible for any taxes, or interest or penalties on taxes, of any kind which may attach to any settlement amount by operation of law or otherwise. Plaintiff Heaven and Plaintiffs' attorneys shall have no claim, right or cause of action against Defendants (including but not limited to, any of their officials, employees, agents or representatives, whether in their individual or official capacities), and/or the State of New York (including, but not limited to, any and all agencies, entities, departments, offices, subdivisions, officials, employees, agents or representatives thereof) on account of any such taxes, interest or penalties. In the event that any taxing authority or any other federal, state, or local government, administrative agency, or court issues a final determination that Defendants or the State of New York (including, but not limited to, any of their agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities) is liable for the failure of Plaintiff Heaven (or Plaintiffs' attorneys respectively, for fees paid to said attorneys) to pay federal, state, or local income or other taxes or withholdings with respect to any portion of the settlement amounts of this Settlement Agreement, or are liable for

interest or penalties related thereto, Plaintiff Heaven (and Plaintiffs' attorneys respectively, for fees paid to said attorneys) agrees to reimburse and indemnify Defendants or the State of New York for such liability, so long as Plaintiff Heaven or Plaintiffs' attorneys have been provided with notice of any such claim or proceeding promptly following receipt or notice of such claim or proceeding by Defendants or the State of New York.

6.     **Medicare Certification.**

Plaintiff Heaven acknowledges and understands that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare regarding settlements, judgments, awards, and other payments, and agree to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form annexed hereto as **Exhibit B**, to the OAG.

Plaintiff Heaven represents and warrants that he is not a Medicare recipient, has never been on Medicare or on Social Security Disability, that no conditional payments have been made by Medicare, and that he does not expect to be a Medicare recipient within the next 30 months. Plaintiff Heaven and his attorneys acknowledge and understand that the submission of the executed and notarized Affidavit of Medicare Eligibility Status in the form annexed hereto as **Exhibit B** reflecting the same, and any and all supporting documentation, to the OAG is a prerequisite to payment of the settlement amounts referenced in Paragraph 2, and falls within the category of "other documentation" described in in Paragraphs 3 (State Approval of Payments) and 4 (Accrual of Interest).

7.     **Responsibility of Plaintiff Heaven and Plaintiffs' Attorneys for Liens.**

Plaintiff Heaven and Plaintiffs' attorneys acknowledge and agree that neither Defendants nor the State of New York (including, but not limited to, any of their agencies, entities, departments, offices, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members,

trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official

capacities) shall be responsible for any liens, setoffs, deductions, or recoupments of any kind

(including, but not limited to, any and all unemployment benefits, workers' compensation, tax, or

child support liens, or liens for attorneys' fees, costs, disbursements, or expenses) which may attach

by operation of law or otherwise to any settlement payment amount referenced in this Settlement

Agreement.  Plaintiff Heaven and Plaintiffs' attorneys acknowledge and agree that they shall have no

claim, right, or cause of action against Defendants or the State of New York (including, but not

limited to, any of their agencies, entities, departments, offices, subdivisions, subsidiaries,

administrators, principals, officers, employees, directors, members, trustees, agents, attorneys,

insurers, heirs, and assigns, whether in their individual or official capacities) on account of any such

liens, setoffs, deductions, or recoupments.

8.     **Liability of Plaintiff Heaven for Medicare Payments and/or Liens.**

Plaintiff Heaven agrees to defend, indemnify, and hold harmless Defendants, the State of

New York, or their present and former agencies, entities, departments, offices, subdivisions,

subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents,

attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of

them, or all of them, regarding any liens or past and/or future Medicare payments presently known

or unknown in connection with the Action.  If conditional and/or future anticipated Medicare

payments have not been satisfied, the State of New York reserves the right to issue a multi-party

settlement check, naming Medicare as a payee or to issue a check to Medicare directly based on the

Medicare Final Demand Letter.  Upon receipt of all required documentation under Paragraphs 3

(State Approval of Payments), 4 (Accrual of Interest), and 6 (Medicare Certification), payment of the

settlement amounts referenced in Paragraph 2 shall be made in accordance with the terms set forth

herein.

9.     **Covenant Not to File Claim in Court of Claims.**

Plaintiffs warrant and represent that, as of the date of this Settlement Agreement, they have not filed or sought permission to file with the New York Court of Claims a claim against the State of New York, Defendants, or their present and former agencies, entities, departments, offices, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, including but not limited to the Defendants, or any other person or entity based in whole or in part upon any of the acts, transactions, occurrences or omissions asserted in the Complaint in the Action or the DHR Charges, and further covenant and agree never to do so in the future.

10.     **General Release in Favor of Defendants.**

For and in consideration of the State of New York's agreement to pay the monies referenced in Paragraph 2 of this Settlement Agreement, the agreement by Defendant DMNA to forego entering and satisfying a Bill of Costs, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiffs, on behalf of themselves, their heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby release and forever discharge, the State of New York, Defendants, including but not limited to DMNA and Jeffery Caston, together with all of their present and former agencies, entities, departments, offices, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect,

known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or

shall or may have in the future against some, any, or all of the Released Parties, for or by reason of

any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including

the date of this Settlement Agreement, including but not limited to: (a) any and all claims regarding

or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or

contained in the Action, including without limitation the Complaint in the Action and the DHR

Charges; (b) any and all claims for attorneys' fees, costs, disbursements and all other expenses

incurred by or on behalf of Plaintiffs in connection with the Action, the EEOC charge, and any

other action or proceeding, whether judicial, administrative or otherwise; (c) any and all claims

regarding or arising directly or indirectly from Plaintiffs' association with any of the Released Parties

or the terms and conditions of his association with any of the Released Parties; (d) any and all claims

of access to courts, conspiracy, retaliation, or discrimination based upon disability, age, race, color,

national origin, ancestry, religion, marital status, sex, sexual harassment, sexual orientation, gender

identity, citizenship, military service, status, or medical condition, whether actual or perceived; (e)

any and all claims under federal, state, or local laws, statutes, constitutions, regulations, rules,

ordinances, or orders, including but not limited to claims under 42 U.S.C. §§ 1981-1988, Title VI,

Title VII, Title IX, the Equal Pay Act of 1963, 29 U.S.C. § 206(d), the Fair Labor Standards Act of

1938, 29 U.S.C. § 201 *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-

634, the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, the Americans with Disabilities Act of

1990, 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*,

42 U.S.C. § 1983, 42 U.S.C. § 1985, the New York State Human Rights Law, New York Executive

Law § 296, et seq.; the New York City Human Rights Law, New York City Administrative Code § 8-

101, et seq.; the New York State Labor Law, N.Y. Labor Law §§ 740 and 741 *et seq.*, N.Y. Civil

Service Law § 75-b, the United States Constitution, the New York State Constitution, the New York

City Charter, and any other federal, state or local law; (f) any claims of retaliation for participation in

a protected activity and/or engaging in any activity protected under any federal, state, or local laws,

statutes, constitutions, regulations, rules, ordinances, or orders; (g) any and all claims for salary,

bonuses, earnings, severance pay, vacation pay, sick pay, incentive pay, clinical practice income, or

other compensation, or any non-vested retirement, pension, or savings plan or other benefits; (h)

any and all grievances pursuant to any applicable collective bargaining agreement; and (i) any and all

other claims, whether for moneys owed, damages (including but not limited to claims for equitable

relief, compensatory, punitive, or other damages), vocational services, breach of implied or express

contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation, assault,

battery, infliction of emotional distress, tortious interference with contract, tortious interference with

business relations, tortious interference with prospective contractual relations, tortious interference

with prospective business relations, violation of public policy, wrongful or constructive discharge, or

any other tort, or any claim for costs, fees, or other expenses, including attorneys' fees, or any other

claims under federal, state, or local law relating to employment, education, vocational services,

discrimination, retaliation, retirement, or otherwise.  Except for the rights and obligations set forth

in this Settlement Agreement, this release also includes a waiver and release of any and all claims

related to allegations made before the EEOC, the DHR, and/or the New York City Commission on

Human Rights, as well as any and all claims against the State of New York, its agencies, departments,

and officials in the New York Court of Claims or any other forum, administrative or otherwise,

related to or arising from any transactions, acts, omissions, or occurrences up to and including the

date of this Settlement Agreement.  Notwithstanding the foregoing, the only claims not being

released are claims by Plaintiffs Ferrara and Scarlata against DMNA solely for personal injury for

lung cancer, asbestosis or mesothelioma caused by alleged exposure to asbestos in October 2011 and

December 2013 while employed by DMNA and working at DMNA's Camp Smith, which must be

filed (if at all) only as Worker's Compensation claims with the New York State Worker's Compensation Board, but such claims are subject to any and all defenses that DMNA may assert.

11.    **Future Employment.**

Plaintiffs Ferrara, Heaven and Scarlata agree that they will not seek, apply for, or accept employment or contracted work with DMNA, including, without limitation, any and all constituent units, training sites, armories or entities of DMNA, at any time in the future, any pending applications for employment or contracted work with DMNA are deemed withdrawn, and Plaintiffs Ferrara, Heaven and Scarlata hereby waive any rights that may accrue to them from rejection of any application for employment or contracted work with DMNA.  Plaintiffs Ferrara, Heaven and Scarlata acknowledge that DMNA has no obligation, contractual or otherwise, to hire, employ, or contract any of them in the future.  Should any of Plaintiffs Ferrara, Heaven or Scarlata in violation of this agreement seek, apply for, or accept employment or contracted work with DMNA, they agree that DMNA may summarily terminate their employment, without any procedure whatsoever, including, but not limited to, notice and a hearing, and if any of them initiates any form of legal claim or action against DMNA based upon his application for, or acceptance of employment or contracted work for DMNA or the termination of that employment by DMNA, the parties agree that said claim or action will be null and void and subject to immediate dismissal with prejudice pursuant to this Paragraph.

12.    **No Other Action or Proceeding Commenced.**

Other than the Action and the DHR Charges, Plaintiffs represent that they have not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against the State of New York or Defendants, including but not limited to Jeffrey Caston and DMNA, and/or any of their present and former agencies, entities, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys,

insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, on their own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledge that this representation constitutes a material inducement for Defendants to enter into this Settlement Agreement.

13.    **No Other Attorney.**

Plaintiffs represent and warrant that other than the undersigned attorneys for Plaintiffs, no attorney has a lien on the settlement proceeds in the Action or for services rendered to Plaintiffs in the Action, the DHR Charges, or in any other action or judicial or administrative proceeding alleging any of the acts, transactions, occurrences, or omissions asserted in the Action or the DHR Charges, whether pursuant to the provisions of §§ 475 and 475-a of the New York Judiciary Law or any other state or federal law, or contract or otherwise.

14.    **No Prevailing Party.**

Neither the Plaintiffs (individually or collectively) nor any Defendant shall be deemed a "prevailing party" for any purpose, including but not limited to any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

15.    **Binding Effect on Successors and Assigns.**

The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

16.    **Authority.**

Each signatory to this Settlement Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Agreement, and has not previously

assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

17.     **Voluntary Agreement.**

Plaintiffs represent that they have thoroughly discussed all aspects of this Settlement Agreement (including the General Release set forth in Paragraph 10) with their attorneys, and Plaintiffs represent that they have carefully read and fully understand all of the provisions of the Settlement Agreement.  Plaintiffs represent that they execute and deliver the Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that they understand its terms, contents, and effect.  Plaintiffs acknowledge that they have been advised of their right to seek the advice of an attorney and that they are and have been represented by counsel of their own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or any one acting on behalf of any party.

18.     **Negotiated Agreement.**

The parties acknowledge that each party has participated and cooperated in the drafting and preparation of this Settlement Agreement.  The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

19.     **No Admission of Liability.**

Nothing contained herein shall constitute an admission by Defendants or the State of New York that they deprived Plaintiff of any right or failed to perform any duty under the constitutions, charters, statutes, rules, regulations, or other laws of the United States or, the State of New York, or the City of New York, or that any action or inaction by them was unlawful or wrongful.  It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation;

that this Settlement Agreement and the actions taken and payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this Action or dispute or as constituting any admission of wrongdoing or liability on the part of Defendant, the State of New York, or any of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, offices, agencies, departments, divisions, subdivisions, subsidiaries, heirs, administrators, or assigns, and that they expressly deny any wrongdoing or liability.  Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, custom, or practice of Defendant, or the State of New York, or any of their offices, agencies, departments, divisions, subdivisions, officials, employees, or agents, whether in their individual or official capacities.

20. **No Precedential Value.**

This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised, or that could have been raised, in the Action, or any other action or proceeding.  This Settlement Agreement shall have no precedential value or effect whatsoever, and shall not be admissible in any action or proceeding as evidence or for any other purpose, except in an action or proceeding to enforce this Settlement Agreement.  In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop the State of New York or Defendants, or any of their present and former agencies, entities, departments, offices, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues and claims raised in said actions or proceedings, or from advancing any defenses.

21.    **Entire Agreement.**

This Settlement Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

22.    **Governing Law.**

The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, without regard to the conflict of laws provisions of New York law, except to the extent that federal law applies to the releases and waiver of federal claims pursuant to this Settlement Agreement.

23.    **Severability.**

With the exception of Paragraphs 1, 3, 6, 10, 11, and 12 of this Settlement Agreement, if any provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

24.    **Headings.**

The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

25.    **Submission to the Court.**

Upon signatures by all parties and counsel for all parties, this Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

26.  **Counterparts.**

This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument, and may be executed by facsimile or PDF signature and notary seal.

27.  **Acknowledgment of Full Understanding.**

Plaintiffs acknowledge and agree that Plaintiffs have fully read, understand, and voluntarily enter into this Settlement Agreement.  Plaintiffs acknowledge and agree that Plaintiffs have had an opportunity to ask questions and consult with an attorney of Plaintiffs' choice before signing this Settlement Agreement.  Plaintiffs further acknowledge that Plaintiffs' signatures below are a binding agreement that releases and/or waives claims, including claims that may be contingent or unknown against the Defendants and all Released Parties, including the State of New York.

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Settlement Agreement, and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

**[Signatures Contained on Following Pages]**

Daria Ritornato, *Plaintiff*

STATE OF NEW YORK

COUNTY OF DUTCHESS

On July 13th, 2020, before me, the undersigned, a Notary Public in and for the State of

New York, personally appeared DARIA RITORNATO, personally known to me or proved to me

on the basis of satisfactory evidence to be the individual whose name is subscribed to the within

instrument, and acknowledged to me that she executed the same in her capacity, and that by her

signature on the instrument, the individual, or the person upon behalf of which the individual

acted, executed the instrument.

NEIL VANDERWOUDE
Notary Public, State of New York
No. 02VA6191481
Qualified in Putnam County
Commission Expires 08/18/2020

NOTARY PUBLIC

Vincent Ferrara, *Plaintiff*

STATE OF NEW YORK

COUNTY OF DUTCHESS

On Aug 10 , 2020, before me, the undersigned, a Notary Public in and for the State of

New York, personally appeared VINCENT FERRARA, personally known to me or proved to me

on the basis of satisfactory evidence to be the individual whose name is subscribed to the within

instrument, and acknowledged to me that he executed the same in his capacity, and that by his

signature on the instrument, the individual, or the person upon behalf of which the individual

acted, executed the instrument.

GERALD JOSEPH ROMA
Notary Public, State of New York
No. 02RO6290269
Qualified in Dutchess County
Commission Expires _____ 20___

NOTARY PUBLIC

Page 20

_Michael Scarlata, Plaintiff_

STATE OF NEW YORK

COUNTY OF DUTCHESS

On July __30__, 2020, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared MICHAEL SCARLATA, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

GERALD JOSEPH ROMA
Notary Public, State of New York
No. 02RO6290289
Qualified in Dutchess County
Commission Expires __10/3____ 20_21_

NOTARY PUBLIC

Sean Arni, *Plaintiff*

STATE OF NEW YORK

COUNTY OF DUTCHESS

On July 12th, Aug. 2020, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared SEAN ARNI, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC   — Plantiff

Neil VanderWoude
Notary Public

NEIL VANDERWOUDE
Notary Public, State of New York
No. 02VA6191481
Qualified in Putnam County
Commission Expires 08/18/20 2c

Aldaine Heaven, *Plaintiff*

STATE OF NEW YORK

COUNTY OF DUTCHESS

On July **31**, 2020, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared ALDAINE HEAVEN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

RACHEL L. BARMACK
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02BA6336558
Qualified in Dutchess County
Commission Expires February 8, 2024

NOTARY PUBLIC

Page 23

VANDERWOUDE & ROMA, PLLC
*Attorneys for Plaintiffs*
By:

_____
Neil VanderWoude, Esq.
Gerald J. Roma, Esq.
103 Old Route 52
Stormville, New York 12582
(845) 225-6686


DeCARO & DeCARO
*Attorneys for Defendant Jeffrey Caston*
By:

_____
Philip A. DeCaro, Esq.
480 Mamaroneck Avenue
Harrison, NY 10528
(914) 835–6200

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendant DMNA*
By:

*Jonathan A. Siegel*
_____
Jonathan A. Siegel, Esq.
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8888

The Clerk of Court is respectfully directed to close the case.

SO ORDERED:

_____
The Honorable Cathy Seibel
United States District Judge


Dated: ___8/14/2020___

# EXHIBIT A

### UNITED STATES COURT OF APPEALS
### FOR THE
### SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day nf August, two thousand and twenty,

| | |
|---|---|
| Daria Ritornato, et al. | **STIPULATION** |
| v. | Docket Number:  20-547 |
| New York State Division of Naval and Military Affairs, et al. | |

The undersigned counsel for the parties stipulate that the above-captioned case is withdrawn with prejudice without costs and without attorneys' fees pursuant to FRAP 42(b).

Aug. 12, 2020

Date:  July ___ 2020

_____

Attorney for Appellant

Neil VanderWoude, VanderWoude & Roma, PLLC
Print Name and Firm

*Jonathan A. Siegel*

Date:   August 13, 2020

_____

Attorney for Appellee

NYS Office of the Attorney General
Print Name and Firm

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| DARIA RITORNATO, VINCENT FERRARA, MICHAEL SCARLATA, SEAN ARNI and ALDAINE HEAVEN, | 14 Civ. 7854 (CS) (LSM) |
|---|---|
| Plaintiffs, | **PLAINTIFF'S AFFIDAVIT REGARDING MEDICARE** |
| - against - | |
| NEW YORK STATE DIVISION OF MILITARY AND NAVAL AFFAIRS, MAJOR GENERAL ANTHONY P. GERMAN AS ADJUTANT GENERAL, AND JEFFREY CASTON, | |
| Defendants. | |

STATE OF NEW YORK    )
                     )  ss.:
COUNTY OF DUTCHESS   )

**ALDAINE HEAVEN**, being duly sworn, says:

1.    I am the plaintiff in the above-entitled action and I reside at ▮▮▮▮▮▮▮▮

Peekskill, NY ▮▮▮.

2.    I am making this affidavit with full knowledge that the same will be relied upon by

the State of New York, its agents, employees and representatives (collectively, "OAG") in

connection with the settlement of this action against JEFFREY CASTON and the NEW YORK

STATE DIVISION OF MILITARY AND NAVAL AFFAIRS, specifically as it relates to the

OAG's obligations as to Medicare compliance primarily pursuant to Section 111 of the Medicare,

Medicaid and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act

("MSP"). *[Note: A query will be / has been made pursuant to Section 111 of the Medicare,*

*Medicaid and SCHIP Extension Act of 2007, 42 US.C. 1395(B)(8) to verify your current*

*Medicare status.]*

Page 1

3.    I hereby acknowledge and understand that as mandated by CMS and promulgated by and through its rules and regulations including but not limited to the MMSEA and/or MSP, I am required to:

      a.    reimburse Medicare for *conditional payments* it has made from the settlement herein; and/or

      b.    utilize the settlement proceeds to pay for future medical expenses, when necessary.

4.    I further acknowledge that the information provided herein will be relied upon by defendants and OAG as true and accurate and, when applicable, will be used for reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 and/or as deemed necessary and/or required by the defendants and OAG.

5.    I hereby agree to promptly provide the OAG with any and all information necessary and required for its reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

## PEDIGREE INFORMATION

6.    I have been known by (include all alias name(s), former name(s) and/or maiden name(s)) the following names: Aldaine Heaven. I hereby acknowledge that I can be identified by this/these name(s) and all these names are indeed referring to me.

7.    I consent to OAG verifying my current Medicare eligibility for purposes of its compliance with Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007. I affirm:

      a.    my social security number is ▮ ;
      b.    my date of birth is ▮ ; and
      c.    my gender is male.

## CURRENT MEDICARE ELIGIBILITY

*✐ Initial and affirm applicable current Medicare eligibility status ✐*

8.      As of the date of this affidavit:

a.      ✐___A.H.___ I am not currently receiving nor have I ever received Medicare coverage and/or benefits;

### OR

b.      ✐_____ I am a Medicare beneficiary and my Medicare number [HIC #] is _____. I am aware of my obligation to reimburse Medicare for payments and/or benefits that I received directly or indirectly from Medicare for medical expenses for injuries that were the subject of this action. I understand that reimbursement directly to Medicare may be made from proceeds I receive from the settlement of this action; and

      i.      ✐_____ Medicare has confirmed that no payment is due and owing from the total proceeds of the above-captioned litigation. *(Attach copy of Medicare's letter)*; or

      ii.     ✐_____ Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. *(Attach copy of Medicare reimbursement letter)*. In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation; or

      iii.    ✐_____ I am awaiting a Final Demand letter or equivalent information from Medicare. Upon my receipt of the necessary documentation, I will promptly provide it to Assistant Attorney General Jonathan A. Siegel, and to OAG's Medicare Compliance via email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms and conditions of the settlement in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Final Demand letter or equivalent correspondence). In accordance with Medicare's Final Demand letter or its equivalent correspondence, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation.

## FUTURE MEDICARE ELIGIBILITY

*✐ Initial and affirm applicable future Medicare eligibility status ✐*

9.    As of the date of this affidavit:

a.        ✐ _H. H._        I do not expect to be a Medicare recipient within 30 months of the date of this affidavit and the date of the settlement of the above-captioned litigation. I affirm that I:

      i.      I have not applied for social security disability (SSDI);

      ii.     have not been denied SSDI and anticipating appealing that decision;

      iii.    am not in the process of appealing or re-filing for SSDI;

      iv.    am not 62.5 years or older; and

      v.     do not have End Stage Renal Disease (a qualifying condition for Medicare);

### OR

b.        ✐ _____        I am not current a Medicare beneficiary.  However, I anticipate that I will be Medicare eligible within 30 months of the date of this affidavit and the date of the settlement of the above-captioned litigation and

      i.      ✐ _____        I do not require any future treatment for injuries that are the subject of this action.  The required certification(s) for the injuries alleged in the Complaint is attached.  The attached certification attests that there is no anticipated future treatment required for the injuries sustained in the within action; or

      ii.     ✐ _____        I do require future treatment for the injuries that are the subject of this action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to $_____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for the medical expenses relating to the injuries of this action;

### OR

c.        ✐ _____        I am currently a Medicare beneficiary and

      i.      ✐ _____        I do not require any future treatment for injuries that are the subject of this personal injury action.  The required certification(s) for the injuries alleged in the Complaint is attached.  The attached certification attests that there is no anticipated future treatment required for the injuries sustained in the within action; or

ii.　　　✐_____　I do require future treatment for the injuries that are the
subject of this action.  In accordance with the attached Medicare Set-Aside
Trust ("MSA"), I consent to the payment of $_____, payable to
$_____ from the total proceeds of the above-captioned litigation. I
affirm this sum will be used for the medical expenses relating to the injuries
of this action.

[Note: These queries are made pursuant to Section 111 of the Medicare, Medicaid, and SCHIP
Extension Act of 2007, 42 U.S.C. 1395y(b)].

**ALDAINE HEAVEN**

Sworn to before me this
__31__ day of July, 2020.

Notary Public

RACHEL L. BARMACK
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02BA6336558
Qualified in Dutchess County
Commission Expires February 8, 2024